George H. Barber
State Bar No. 01705650
John J. Kane
State Bar No. 24066794
**KANE RUSSELL COLEMAN & LOGAN PC**
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Telecopier -  (214) 777-4299
Email: ecf@krcl.com

**ATTORNEYS FOR REGIONS BANK**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 11-32035-bjh-11 |
| | § | |
| SOUTHLAKE AVIATION, LLC | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | |

**REGIONS BANK'S MOTION TO PROHIBIT USE OF AIRCRAFT AS NECESSARY TO PROVIDE ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. § 363(e)**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 12A24, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON MAY 13, 2011, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Regions Bank, a creditor and party in interest in the above-referenced case, files this Motion to Prohibit Use of Aircraft as Necessary to Provide Adequate Protection Pursuant to 11 U.S.C. § 363(e) ("Motion"), and respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. The Motion involves the use of property, and therefore constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. On March 22, 2007, Southlake Aviation, LLC ("Debtor") obtained a loan from Regions Bank (the "Loan") evidenced by a Promissory Note ("Original Note") payable to Regions Bank in the principal sum of $1,893,429.00.

4. The Loan is secured by a first lien security interest on a 1989 Cessna Citation 550, registration number N664AJ (the "Aircraft"), pursuant to an Aircraft Security Agreement dated March 22, 2007 ("Security Agreement"). Regions Bank's security interest in the Aircraft was properly perfected by all necessary filings.

5. On January 19, 2011, Debtor executed a Promissory Note in the principal amount of $1,498,964.40 ("Amended Note" and collectively with the Original Note, the "Note"), which modified and amended the terms of the Original Note.

6. On March 30, 2011 (the "Petition Date"), Southlake filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

7. On the Petition Date, the Debtor owed Regions Bank principal, interest, late fees, and a swap breakage fee totaling $1,483,380.38 on the Loan.

8. Southlake is in default under the terms of the Note and Security Agreement.

9. The Debtor and its principal continue to use the Aircraft.

## REQUEST FOR ADEQUATE PROTECTION

10. Section 363(e) of the Bankruptcy Code provides, in relevant part, as follows:

> [O]n request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold, or leased by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

11. Under section 363(e), and as stated by the United States Supreme Court, "at the secured creditors insistence, the bankruptcy court *must* place such limits or conditions on the trustee's power to sell, use or lease property as are necessary to protect the creditor." *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204 (1983) (emphasis added).

12. In this case, the Debtor and its principal are continuing to use the Aircraft. On information and belief, the Aircraft is diminishing in value daily, and particularly with each use. Further, the continued use of the Aircraft raises serious concerns over the nature of that use,[1] and the security and maintenance of the Aircraft.

13. Regions Bank is not adequately protected for the continued use of the Aircraft. Regions Bank therefore requests that this Court prohibit any use of the Aircraft until such time as Regions Bank is adequately protected.

**WHEREFORE, PREMISES CONSIDERED**, Regions Bank respectfully requests that this Court enter an order: (i) prohibiting any use of the Aircraft until such time as Regions Bank is adequately protected; and (ii) granting such other and further relief to which Regions Bank is entitled.

---

[1] The Debtor has recently had another aircraft impounded under mysterious circumstances in the Democratic Republic of Congo.

Dated: April 22, 2011                    Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: */s/John J. Kane*
    George H. Barber
    State Bar No. 01705650
    John J. Kane
    State Bar No. 24066794
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone - (214) 777-4200
Facsimile  - (214) 777-4299
Email: ecf@krcl.com

**ATTORNEYS FOR REGIONS BANK**

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing pleading was served via the Court's electronic (ECF) notification system on all parties entitled to notice thereunder on the 22nd day of April, 2011.

*/s/ John J. Kane*
John J. Kane