UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

In re: §
§
SOUTHLAKE AVIATION, LLC § Case No. 11-32035-BJH
§ (Chapter 11)
Debtor. §
§

## AFFIDAVIT OF GREG KINSELLA

I, Greg Kinsella, first being duly sworn, under oath states:

1. My name is Greg Kinsella. I am over the age of twenty-one (21) years. I have never been convicted of a felony and I am competent to make this affidavit.

2. I am a resident of the State of Virginia and am employed by Arcadia Aviation WEY LLC ("Arcadia") as its Chief Operating Officer. Except where indicated, I make this affidavit based on my own personal knowledge and could, if called, testify competently to each fact set forth herein.

3. As part of my duties as Chief Operating Officer, I have personal knowledge of Arcadia's involvement, interests, and dealings regarding Gulfstream V, Registration #N886DT (the "Aircraft").

4. The Aircraft is owned by Southlake Aviation, LLC ("Southlake" or "Debtor"). VFS Financing ("VFS Financing") provided financing to Southlake to purchase the Aircraft. On September 28, 2010, VFS Financing, Southlake, CAMAC Aviation, LLC, ("CAMAC") and Arcadia entered into an agreement that allowed Southlake to lease the Aircraft to CAMAC ("Addendum"). A true and correct copy of the Addendum is attached as Exhibit 1.

5. At the same time, CAMAC and Arcadia entered into a separate agreement, the Aircraft Dry Lease and Management Agreement ("Sublease Agreement"). A true and correct copy of the Sublease Agreement is attached as Exhibit 2. As part of the Sublease Agreement, Arcadia agreed to provide "management services for and with respect to the Aircraft," including providing maintenance, storage, and "adequate hull and liability insurance for the Aircraft." See Sublease Agreement, ¶¶ 6.0, 7.0, 8.0, and 9.0. Arcadia was also obligated to insure the Aircraft by the Addendum. See Addendum ¶ 2(j).

6. Pursuant to the Sublease Agreement and Addendum, Arcadia purchased insurance through USAIG for the Aircraft, Policy No. S1HL1-580O ("Insurance Policy"). The Insurance Policy on the Aircraft remains in full force and effect and has been in full force and effect continuously since the Insurance Policy was purchased and it is my understanding that the Insurance Policy will remain in effect until August 1, 2011. Arcadia is not currently in the process of canceling the Insurance Policy.

7. On February 3, 2011, the Aircraft was detained in the Democratic Republic of Congo on a business trip requested by CAMAC.

8. On February 18, 2011, Arcadia received a Notice of Default from VFS Financing. A true and correct copy of the Notice of Default is attached as Exhibit 3. Among other things, the Notice of Default terminated the Sublease Agreement and instructed Arcadia to return the Aircraft to VFS Financing "immediately."

9. After concerted diplomatic efforts, Arcadia was able to retrieve the Aircraft from the Democratic Republic of Congo. On March 30, 2011, the Aircraft was delivered to the Gulfstream Service Center in Savannah, Georgia according to the instructions of Southlake and VFS Financing.

10. Despite the termination of the Sublease Agreement, Arcadia has repeatedly tried to ensure that the Aircraft is being properly maintained, even while it is located in Savannah.

11. Before the Aircraft was detained in the Congo, the Aircraft was already scheduled to be delivered to the Gulfstream facility in Savannah for maintenance. After the Notice of Default, Arcadia provided the maintenance instructions and schedule to Southlake in order for Southlake to be able to properly maintain the Aircraft. See Correspondence dated March 24, 2011, attached as Exhibit 4.

12. After the plane was returned to Savannah and the Debtor had filed for bankruptcy, Arcadia attempted to hire Gulfstream to perform a walk-around inspection of the Aircraft. Southlake refused to allow Arcadia to hire Gulfstream to perform an inspection of the Aircraft or otherwise access the Aircraft. See Correspondence dated April 8, 2011, attached as Exhibit 5.

13. To date, Arcadia has not been able to obtain Southlake's approval for a walk-around or other inspections or maintenance of the Aircraft at the Savannah facility.

14. In addition, Arcadia has attempted to support maintenance on the Aircraft by providing information regarding maintenance and otherwise offering support to Southlake to maintain the Aircraft while in Savannah. Specifically, Arcadia provided information regarding when the Aircraft's engines were last run and information regarding when other maintenance needed to be performed on the Aircraft. See Correspondence dated April 19, 2011, attached as Exhibit 6.

15. Moreover, during the week of April 18, 2011, Arcadia returned the Aircraft's log books and maintenance manuals to Southlake in order to facilitate the maintenance of the Aircraft.

FURTHER AFFIANT SAYETH NOT

_____
Greg Kinsella

Subscribed and sworn to before me
this 26TH day of April 2011

*Saghi Farhadi-Nour*
Notary Public for the State of Virginia

SAGHI FARHADI-NOUR
Notary Public
Commonwealth of Virginia
7196285
My Commission Expires Feb 29, 2012